United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PETER ALBERS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>YARBROUGH WORLD SOLUTIONS, LLC, et al.,<br><br>　　　　Defendants. | Case No. 5:19-cv-05896-EJD<br><br>**ORDER GRANTING JOINT MOTION FOR VOLUNTARY DISMISSAL**<br><br>Re: Dkt. No. 51 |

Plaintiff Peter Albers filed this action alleging individual misclassification claims against Defendant Yarbrough World Solutions, LLC ("YWS"), wrongful termination claims against Defendants YWS and Dalley Yarbrough, and putative class claims for employment misclassification against YWS. In turn, YWS filed a counterclaim against Plaintiff for breach of contract. On May 11, 2021, the parties informed the Court that they had reached a settlement and requested an order of dismissal with prejudice as to Plaintiff's individual claims and YWS's counterclaim. *See* Stipulation and Joint Motion for Court Order of Voluntary Dismissal, Dkt. No. 51. As to Plaintiff's putative class claims, the parties have requested an order of dismissal without prejudice. *Id*. The Court will, for the reasons set forth below, grant the parties' joint motion for voluntary dismissal.

**I.　BACKGROUND**

Plaintiff, individually, and on behalf of all similarly situated individuals, brought this putative class action alleging that YWS engaged in unfair business practices in violation of California's Business and Professions Code § 17200. Dkt No. 36. Plaintiff alleges that YWS forced Plaintiff and similarly situated construction workers to execute a purported list and refer

Case No.: 5:19-cv-05896-EJD
ORDER GRANTING JOINT MOTION FOR VOLUNTARY DISMISSAL
1

1 agreement with YWS, whereby workers performed work for YWS as construction workers in
2 California and were classified by YWS as independent contractors. *Id*. Plaintiff further alleges
3 that although Plaintiff and other similarly situated YWS workers were classified by YWS as
4 independent contractors, Plaintiff and the other YWS workers were in fact employees of YWS.
5 *Id*. Plaintiff also alleges that YWS classified Plaintiff and similarly situated workers as
6 independent contractors because by doing so, YWS was able to lower its costs by shifting its costs
7 of doing business onto the workers classified as independent contractors. *Id*.

As discussed above, on May 11, 2021, the parties informed the Court that they had reached a settlement and submitted a stipulated request for an order of dismissal. Dkt. No. 51. Pursuant to the settlement, the parties moved jointly to dismiss Plaintiff's individual claims and YWS's counterclaim with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) and the putative class action claims without prejudice pursuant to Federal Rule of Civil Procedure 23(e).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure Rule 23(e) requires the Court to review and approve a proposed voluntary dismissal, settlement or other compromise of a certified class's claims. The Ninth Circuit has held that Rule 23(e) also applies before certification, but in a much lighter form that does not entail "the kind of substantive oversight required when reviewing a settlement binding upon the class." *Diaz v. Trust Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989). This holding pre-dates substantial amendments to Rule 23 in 2003, and courts in this district have noted "some uncertainty" about the continued application of Rule 23(e) to precertification settlement proposals in the wake of the 2003 amendments. *See, e.g., Lyons v. Bank of America, NA*, No. C 11–1232 CW, 2012 WL 5940846, at * 1 n.1 (N.D. Cal. Nov. 27, 2012). But our decisions have "generally assumed that it does" apply, *id*., and this Court will follow *Diaz* to evaluate the proposed settlement and dismissal here. The Court finds that this approach is consistent with Rule 23(e) as it exists today. It also strikes the right balance between the full-bore fairness review for settlement of certified class claims, and doing nothing at all to ensure that putative class members are protected from collusive deals and not sacrificed for

Case No.: 5:19-cv-05896-EJD
ORDER GRANTING JOINT MOTION FOR VOLUNTARY DISMISSAL
2

convenience when named representatives decide to settle their claims individually.

Accordingly, the "district court must ensure that the representative plaintiff fulfills his fiduciary duty toward the absent class members" and "inquire into the terms and circumstances of any dismissal or compromise to ensure that it is not collusive or prejudicial." *Diaz*, 876 F.2d at 1408. Although the Court "does not need to perform the kind of substantive oversight required when reviewing a settlement binding upon the class," it must determine whether class members would be prejudiced by:

> (1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances, (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations, (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own interests.

*Id*. Regardless, "[i]n no pre-certification dismissal would the court reject the dismissal and require anything more than notice to the class and an opportunity to intervene." *Id*.

### III. DISCUSSION

Applying the three *Diaz* factors here, the Court concludes that dismissal of Plaintiff's class claims without prejudice will not harm any putative class members. First, there is no evidence that any putative class members are relying on this action. Coverage of the case in the media has been limited to a few mentions on legal news and court docket aggregators such as www.law360.com and www.docketbird.com, and Plaintiff has not identified a single absent class member, nor has any class information been disclosed by YWS to Plaintiff or his counsel. *See* Declaration of Catherine Coughlin ("Coughlin Decl.") ¶ 4; *see also Tombline v. Wells Fargo Bank, N.A.*, No. 13-cv-04567 JD, 2014 WL 5140048, at *2 (N.D. Cal. Oct. 10, 2014) (noting that there is unlikely to be reliance when "no one purporting to be a putative class member [has] contacted plaintiffs' counsel about this case").

Second, the parties represent that no putative class member will face a short deadline on pursuing the claims to be dismissed. Specifically, the parties state that YWS is still an operative entity. Coughlin Decl. ¶ 5. Moreover, to the extent that any current or former YWS worker wishes to file claims against YWS, they would not be time-barred by virtue of the filing and

Case No.: 5:19-cv-05896-EJD
ORDER GRANTING JOINT MOTION FOR VOLUNTARY DISMISSAL
3

1  dismissal without prejudice of the class claims.

2  Finally, the settlement between Plaintiff and the two Defendants only resolves Plaintiff's individual claims. Because the parties are only requesting dismissal of the class claims without prejudice, leaving putative class members free to pursue a new class action, no class interests are being conceded. The Court therefore deems the *Diaz* factors satisfied here. Further, notice to putative class members is not required as there is no risk of prejudice. *See Diaz*, 876 F.2d at 1408 ("Notice to the class of pre-certification dismissal is not, however, required in all circumstances.").

**IV. CONCLUSION**

Accordingly, the parties' joint motion for voluntary dismissal is **GRANTED**;

i. The putative class claims alleged on behalf of the putative class against YWS as Counts I and II in Plaintiff's operative second amended complaint (Dkt. No. 36) are **DISMISSED without prejudice**;

ii. The individual claims alleged by Plaintiff against Defendant Yarbrough and YWS as Counts III and IV in Plaintiff's operative second amended complaint (Dkt. No. 36) are **DISMISSED with prejudice**; and

iii. The individual counterclaim alleged by YWS against Plaintiff (Dkt. No. 44) is **DISMISSED with prejudice.**

**IT IS SO ORDERED.**

Dated: May 13, 2021

EDWARD J. DAVILA
United States District Judge